UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OZARK HILLS PARK PROPERTIES, L.L.C., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:11-CV-01500-JAR ) |
| CITY OF ARNOLD, MISSOURI, | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant City of Arnold's ("City") Motion to Dismiss Count II of Plaintiff's First Amended Complaint filed October 6, 2011 [ECF No. 8]. Plaintiff Ozark Hills Park Properties, L.L.C. ("Ozark Hills") filed its Memorandum in Opposition to City's Motion on October 20, 2011 [ECF No. 11]. The Motion is ready for disposition. For the following reasons, the motion will be denied.

**Background**

This is an action for declaratory judgment and injunctive relief concerning the validity of certain municipal resolutions and ordinances approving a neighborhood improvement district ("NID") under the Neighborhood Improvement District Act, Mo.Ann.Stat. §§ 67.453 to 67.475, as well as the assessment of the cost of the improvement, namely a bridge project. The action also seeks damages under 42 U.S.C. §§ 1983 and 1988 for violation of the rights to free speech, due process and equal protection.

**Legal Standard**

"A motion to dismiss for failure to state a claim should be granted only if it is clear that no

relief could be granted under any set of facts, construing the allegations in the complaint favorably to the pleader." County of St. Charles, Missouri v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir. 1997). "Thus, '[a] motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir.1995)(citations omitted). A court may dismiss a claim as barred by the statute of limitations if the complaint itself establishes that the claim is time-barred. Id. (citing Jessie v. Potter, 516 F.3d 709, 713 n. 2 (8th Cir.2008). See Varner v. Peterson Farms, 371 F.3d 1011, 1016 (8th Cir.2004).

**Discussion**

Count II of Ozark Hills' Amended Complaint seeks a declaratory judgment that the City's legislative acts are void as the result of fraud, collusion or bad faith, as well as injunctive relief to prevent the City from assessing the cost of a new bridge against Ozark Hills, its tenants or its property. In support of its allegations of fraud, collusion or bad faith, Ozark Hills alleges, *inter alia*, that the City's initial approval of the NID occurred when the owner of Ozark Hills was told not to attend and when the matter was not on the agenda in violation of the Sunshine Law.

In its motion, City first argues Count II must be dismissed because any Missouri Sunshine Law violation challenge is time-barred. Mo.Ann.Stat. § 610.027.5, provides that "[s]uit for enforcement [of the Sunshine Law] shall be brought within one year from which the violation is ascertainable and in no event shall it be brought later than two years after the violation." In actions alleging a violation of the Sunshine Law, damages are "ascertainable" "when the fact of damage can be discovered or made known, rather than when a plaintiff actually discovers injury

2

or wrongful conduct." Colombo v. Buford, 935 S.W.2d 690, 695 (Mo.App. W.D. 1996)(citing Sheehan v. Sheehan, 901 S.W.2d 57, 58-59 (Mo.banc 1995)). City contends the alleged Sunshine Law violation related to the June 3, 2004 meeting and approval of Resolution No. 0461 was ascertainable on June 10, 2004, when the City Council held a special meeting to reconsider Resolution No. 0461 and hear Ozark Hills' alternative proposal to repair rather than replace the bridge. Ozark Hills first filed suit in the Circuit Court of Jefferson County on November 3, 2008, more than four years later; thus, its claim is untimely.

Ozark Hills responds that because it is not seeking judicial enforcement of the Sunshine Law, such as requiring the opening of improperly closed records or the holding of a properly noticed meeting, its Count II is not subject to the one-year statute of limitations in Mo.Ann.Stat. § 610.027. Rather, Count II is timely under Mo.Ann.Stat. § 67.465, a special statute of limitations for challenging subdivision assessments under the NID Act, which provides "[n]o suit to set aside the special assessments made under sections 67.453 to 67.475 or to otherwise question the validity of the proceedings relating thereto shall be brought after the expiration of ninety days from the date of mailing of notice to property owners of the assessments required by section 67.463." The face of the amended petition establishes the triggering event, with Ozark Hills alleging that on May 2, 2011, the City Collector mailed a notice of payment due under Tax Bill No. NID-OZBR-01. (First Amended Complaint, Doc. No. 5, ¶ 81) The First Amended Petition was therefore timely filed on July 14, 2011, within ninety days of the mailing of the notice.

Next, City argues Count II should be dismissed because the remaining allegations suggest Ozark Hills is alleging causes of action for fraud and/or civil conspiracy against the City, which are barred by City's sovereign immunity from common law tort claims. Ozark Hills responds that Count II does not seek tort remedies that might be barred by sovereign immunity and does not

3

seek an award of damages against the City or its officials. Rather, Ozark Hills alleges collusion by City officials and bad faith in approving the NID[1] as support for its challenge to the validity of the NID, a challenge authorized under Missouri law. See Sears v. City of Columbia, 660 S.W.2d 238, 245 (Mo.App. W.D. 1983)(citing Parking Systems, Inc. v. KCDR Corp., 518 S.W.2d 11, 15 (Mo.1974)(judicial review of a city's legislative action is limited to whether the action was arbitrary, induced by fraud, collusion or bad faith, or in excess of city powers.)). The Court finds these allegations state a claim for relief sufficient to withstand a motion to dismiss.

**Conclusion**

For the foregoing reasons, City's Motion to Dismiss will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant City of Arnold's Motion to Dismiss Count II of Plaintiff's First Amended Complaint [ECF No. 8] is **DENIED**.

Dated this 31st Day of January, 2012.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

[1] Ozark Hills' additional allegations include, *inter alia*, the fact that City's attorney also represents the Winklers, proponents of an assessment method that favored them to the detriment of Ozark Hills; that a signature on the NID petition is, on information and belief, a forgery; and that City failed to advise counsel for Ozark Hills that it was moving forward with the NID at the June 3, 2004 meeting.